WALDO W. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VESPER COMPANY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 101464, 101465. Promulgated August 28, 1941.

*R. H. McRoberts, Esq.*, for the petitioner.
*Carroll Walker, Esq.*, for the respondent.

OPINION.

LEECH: Petitioners contend that the distribution in 1936 was a liquidation of their canceled stock in the West Co. and that they sustained

losses, respectively, measured by the difference between the cost of the stock and the payments received in its liquidation. Secs. 115 (c) and (i), Revenue Act of 1936.[1] Respondent determined the present deficiency and now maintains that the contested distribution to the petitioners was taxable to them as an ordinary dividend, on the premise of fact that it occurred "at such time and in such manner as to [be] * * * essentially equivalent to the distribution" of such a dividend, under section 115 (g) of the same revenue act.[2] Petitioners cite and rely particularly upon *Kelly* v. *Commissioner*, 97 Fed. (2d) 915. Whether or not the facts in that case and this are effectively distinguishable, it is true that the Second Circuit in the *Kelly* case stated that "section 115 (g) was intended to cover a situation where there is capitalization of earnings with no honest business object but merely to avoid taxes." Petitioners therefore argue that the purpose of distribution here was an honest business one and not to evade taxes. But here an admitted purpose of the distribution was to avoid the corporate surtax on undistributed profits. Sec. 14, Revenue Act of 1936.

Did the premise exist upon which the disputed tax was imposed?

In its last analysis, section 115 (g), *supra*, itself, has been said to be as "dispositive" of this question of fact as the decisions construing that section. *A. E. Levit*, 43 B. T. A. 1077 (on appeal, C. C. A., 9th Cir.).

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

* * * * * * *

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income, except in the case of amounts distributed in complete liquidation of a corporation. For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding two years from the close of the taxable year during which is made the first of the series of distributions under the plan. In the case of amounts distributed (whether before January 1, 1934, or on or after such date) in partial liquidation (other than a distribution within the provisions of subsection (h) of this section of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital accounts shall not be considered a distribution of earnings or profits.

* * * * * * *

(i) DEFINITION OF PARTIAL LIQUIDATION.—As used in this section the term "amounts distributed in partial liquidation" means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

[2] (g) REDEMPTION OF STOCK.—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

The officers of the West Co. had been advised, since 1930, that their capitalization was too high. Despite this repeated advice nothing was done about its reduction until 1936. Then it was reduced although the volume of its business had consistently increased from 1932 and, in 1936, was more than double the amount of that earlier year.

However, of more significance, is the situation of the West Co. in 1936. Prior to that year the company had accumulated a capital deficit. During 1936, it enjoyed net earnings, though not in an amount sufficient to repair its deficit. Because of that situation no ordinary dividend could be paid under Missouri law, sec. 5347, Revised Statutes of Missouri 1939; *Shields* v. *Hobart*, 172 Mo. 491; 72 S. W. 669, and if the earnings were not distributed the company would be liable for surtaxes on those undistributed profits. Sec. 14, Revenue Act of 1936; *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. The officers and stockholders of the West Co., upon advice of counsel, met this dilemma by declaring and paying the dividend in question. True, it was designated in the authorizing resolution as a "liquidating dividend." Stock of petitioners was delivered to the company and was canceled upon its receipt of the stock. The stated capital of the company was formally reduced in the amount of the canceled stock. But, the real reason for all this, we think, was not a belated intent to reduce capital. It was done to legalize the distribution as a liquidating dividend under Missouri law. But that characterization is not effective here. See *Gunby, Inc.* v. *Helvering*, 122 Fed. (2d) 203, reversing 41 B. T. A. 884. The alleged price per share at which the stock is said to have been liquidated is not fixed upon any basis of its value, book or otherwise. This "price" was computed solely by dividing substantially all the net earnings for 1936, which it was desired to distribute, among the outstanding shares of capital stock. Thus, net earnings of the company for 1936, alone, were intended to be and were distributed to petitioners. The company did avoid the imposition of surtax on these earnings, under section 27 of the Revenue Act of 1936. And, each of the three shareholders of the company owned the same proportion of its business and assets after the "liquidation" as before.

We think the distribution in dispute occurred "at such time and in such manner as to [be] * * * essentially equivalent to the distribution" of a taxable dividend. Respondent is sustained.

*Decisions will be entered under Rule 50.*